IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LIONEL EDWARD KEARSE,** | ) | |
| Plaintiff | ) | **C.A. No. 05-348 Erie** |
| | ) | |
| v. | ) | **District Judge McLaughlin** |
| | ) | **Magistrate Judge Baxter** |
| **BUREAU OF PRISONS, et al.,** | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATIONS**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss Plaintiff's complaint or, in the alternative, motion for summary judgment [Document # 14] be granted.

**II.    REPORT**

On December 1, 2005, Plaintiff Lionel Edward Kearse, an inmate formerly incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI McKean"), filed this *pro se* civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Named as Defendants are Bureau of Prisons ("BOP"), and FCI McKean staff known and unknown.

Plaintiff alleges that, on or about  June 3, 2005, while he was housed in FCI-McKean's Special Housing Unit ("SHU"), he used "unsanitized" nail clippers that were given to him by an unknown female corrections officer.  Plaintiff claims that, as a result of using these unsanitized nail clippers, he developed an infection on his left big toe, which caused him to experience pain, swelling, redness and pus. (See attachments to Complaint).  Plaintiff alleges further that he had previously advised FCI-McKean's warden and other staff members that there was no sanitizer for nail clippers available in the SHU, and that corrections officers were passing around unsanitized nail clippers to be used by inmates. (Id.).  As a result, Plaintiff claims that Defendants were deliberately indifferent to his health and safety in violation of his rights under

the eighth amendment to the United States Constitution. (See Complaint at Section III.).[1]  As relief for his claim, Plaintiff seeks monetary damages and injunctive relief.

Defendants have filed a motion to dismiss or, in the alternative, motion for summary judgment asserting that (i) Plaintiff's claims against the BOP are barred by sovereign immunity; (ii) Plaintiff has failed to identify the FCI-McKean staff members he is suing and, thus, has failed to state a claim upon which relief may be granted against FCI-McKean's staff known and unknown; and, alternatively, (iii) Plaintiff has failed to set forth an actionable Eighth Amendment claim in any event.  Plaintiff has not filed any response to Defendants' motion. This matter is now ripe for consideration.

### B.    Standards of Review

#### 1.    Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a

---

[1] Plaintiff also claims that Defendants violated his rights under the Fourteenth Amendment; however, the Fourteenth Amendment only applies to state actors, while Defendants are federal agencies and/or employees.  Moreover, there are no allegations in the complaint that can be construed as anything other than an Eighth Amendment claim  In the event Plaintiff is attempting to invoke the Fourteenth Amendment to set forth a substantive due process claim, the same would be improper and should be dismissed.  See Graham v. Connor, 490 U.S. 386, 395 (1989)(holding that, where a particular constitutional amendment "provides an explicit textual source of constitutional protection against [a particular sort of] governmental conduct, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  See also United States v. Lanier, 520 U.S. 259, 272 n. 7 (1997)("Graham simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process").

claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997) <u>citing</u> <u>In re Burlington Coat Factory Securities Litigation</u>, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See <u>Swierkiewicz</u>.

### 2.      Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Country Floors, Inc. v. Partnership Composed of Gepner and Ford</u>, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" <u>Schoch v. First Fidelity Bancorporation</u>, 912 F.2d 654, 657 (3d Cir. 1990), <u>quoting</u> <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871 (1990). The

burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Haines v. Kerner, 404 U.S. 519, 520-521 (1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. v. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition

prepared by prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complaint. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63,65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Discussion

#### 1. Sovereign Immunity

Defendants assert that the BOP should be dismissed from this civil action because it is a United States agency that is not subject to personal liability lawsuits under Bivens.[2] It is, indeed, well-settled that the United States and its agencies are entitled to sovereign immunity from suit, and an action for damages may only be brought against the United States if it waives its immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 485-86 (1994). See also Johnstone v. United States, 980 F.Supp. 148, 151 (E.D.Pa. 1997)("Bivens actions may only be maintained against federal officers; sovereign immunity bars such actions against the United States or agencies.). Since no waiver of sovereign immunity is applicable to constitutional claims under Bivens, the BOP should be dismissed from this case.

#### 2. Failure to Identify Individual Defendants

The only other Defendants named in this case are collectively identified by Plaintiff as "McKean FCI staff known/unknown." In particular, Plaintiff claims that he was provided unsanitized nail clippers by "Correction Officers" in FCI-McKean's SHU. (See attachments to

---

[2] For the same reason, Defendants assert that FCI-McKean should be dismissed from this case; however, Plaintiff's complaint makes clear that FCI-McKean is not named as a Defendant. Rather, Plaintiff has named FCI-McKean's staff known and unknown as Defendant(s).

Complaint). This vague identification of the individuals Plaintiff claims to have violated his constitutional rights is insufficient to state a cognizable legal claim pursuant to Bivens. See Hill v. Corrections Corp. Of America, 14 F.Supp.2d 1235, 1238 (D.Kan 1998)(dismissing Bivens action against unnamed defendants for failure to state a claim). Moreover, because no individual Defendants have been properly identified, personal service was never effectuated pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Accordingly, the individual Defendants identified as "McKean FCI staff known/unknown" should be dismissed pursuant to Fed.R.Civ.P. 4(m).

### 3. Eighth Amendment Claim

Alternatively, even if the individual Defendants in this case were adequately identified and served, Defendants contend that Plaintiff has failed to state a cognizable Eighth Amendment claim. The Court agrees.

To succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994) An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992)(holding that, at a minimum, correctional institutions must provide inmates with "adequate food, clothing, shelter, sanitation, medical care, and personal safety"). Furthermore, to establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

In this case, Plaintiff has failed to satisfy the objective component of his Eighth Amendment claim because he cannot produce any evidence, other than his own assertions, that his toe infection was causally connected to his use of allegedly "unsanitized" nail clippers. See

Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)(plaintiff must demonstrate that injury resulted from the challenged prison practice).  Here, the medical record indicates that Plaintiff's toe infection resulted from an infected ingrown toenail, not the use of "unsanitized" nail clippers. (Document # 15, Exhibit B at ¶ 3a and attachment).  Thus, Plaintiff's Eighth Amendment claim is unsubstantiated and should be dismissed.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or, in the alternative, motion for summary judgment [Document # 14], be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: July 28, 2006

cc:    The Honorable Sean J. McLaughlin
       United States District Judge